FILED

March 8 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0416

DA 15-0416

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 56N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

DOUGLAS JAMES GUILL,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DC 06-54
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

           Douglas James Guill, Self-Represented, Shelby, Montana

        For Appellee:

           Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

           Robert Zimmerman, Sanders County Attorney, Thompson Falls, Montana

Submitted on Briefs:  February 10, 2016

Decided:  March 8, 2016

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Douglas James Guill appeals from an amended judgment entered by the Twentieth Judicial District Court, Sanders County, awarding Guill credit for time served in the amount of 650 days. We affirm.

¶3      We address the following issue on appeal: whether the District Court imposed a legal sentence when it amended Guill's judgment to include credit for time served.

¶4      After a two-week trial, a jury found Guill guilty on multiple counts of felony sexual intercourse without consent against his underage daughter. The District Court sentenced Guill to concurrent 50-year terms in the Montana State Prison on each count. Guill appealed his conviction to this Court, raising the sole issue of whether the District Court erred by allowing the prosecution to present evidence of uncharged misconduct. We affirmed Guill's conviction. *State v. Guill*, 2010 MT 69, 355 Mont. 490, 228 P.3d 1152. Guill filed a motion for postconviction relief, and the District Court issued a final judgment on April 30, 2012. Guill failed to timely file his opening brief on appeal to this Court. We permitted him, however, an additional opportunity to file his opening brief and imposed a new deadline. Guill again failed to timely file his opening brief, and we dismissed his appeal with prejudice.

2

¶5     On February 8, 2013, Guill filed a pro se petition for a writ of habeas corpus in which he challenged the legality of his arrest, alleged ineffective assistance of counsel, and presented two claims that his counsel deliberately violated his rights. We dismissed Guill's petition because Guill had already exhausted his remedy of appeal for the trial issues raised.

¶6     In February 2015, Guill again filed a pro se petition for writ of habeas corpus, requesting that he be given credit for time served from the time of his arrest through sentencing. Guill alleged, and the State conceded, that the District Court did not properly include credit for time served. We thus granted Guill's petition and remanded to the District Court to determine the number of days to credit Guill for the presentence incarceration and to enter an appropriate order or amended judgment.

¶7     On remand, Guill and the State stipulated that Guill should be given credit for 650 days toward his sentence. The District Court issued an amended judgment incorporating the grant for 650 days of time served.

¶8     On appeal, Guill challenges the District Court's amended judgment. However, Guill does not contend that the court erred in granting him 650 days of time served. Instead, Guill asserts a number of trial errors, including that the District Court Judge failed to recuse herself, that the District Court failed to instruct the jury on a lesser-included offense, and that the State committed plain error by presenting evidence of uncharged misconduct.

¶9     Having already pursued the direct appeal of his judgment as well as postconvction proceedings, the claims of trial error presented by Guill are barred and may not be raised

3

in an appeal of a writ entered in a habeas corpus proceeding. We granted Guill's petition for habeas corpus for the limited purpose "to determine the number of days to credit Guill for presentence incarceration and to enter an appropriate order or amended judgment." The direct appeal and postconviction proceedings remain binding and conclusive as to trial issues. "The writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." Section 46-22-101(2), MCA. Guill has exhausted his remedy for appeal on all the trial issues raised. The District Court's amended judgment is affirmed.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law.

¶11 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA

4